## VANDERPLOW *v.* FREDRICKS.

1. PARTNERSHIP—DISSOLUTION AGREEMENT BY LIMITED PARTNERS. Finding of trial judge that members of limited partnership had agreed upon a dissolution *held*, sustained by record.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am. Jur., Partnership, § 240.
[1, 2] 40 Am. Jur., Partnership, § 235.
[2] Partner's lien on or interest in assets of partnership as affected by dissolution agreement. 43 A.L.R. 95.
[3, 6, 7, 9] 40 Am. Jur., Partnership, § 368.
[3, 6–8] Accountability of partner or joint adventurer for profits earned subsequently to death or dissolution. 80 A.L.R. 12.
[4] 40 Am. Jur., Partnership, § 270.
[4] Accountability for good will on dissolution of partnership. 44 A.L.R. 517.
[5] 40 Am. Jur., Partnership, § 264.
[8] 40 Am. Jur., Partnership, § 101.
[8, 9] Partition of partnership real property. 77 A.L.R. 300.
[9] 40 Am. Jur., Partnership, § 265.

2. SAME—DISSOLUTION—STATUTES—USE OF SURPLUS—OPTION AS TO INTEREST OR PROFITS.

General partner's contention that the two limited partners had wrongfully caused the dissolution of the firm in contravention of the partnership agreement and therefore that provisions of uniform partnership act relative to use of surplus for cash payments to respective partners and option as to interest or profits for use of his share in continued operation of the business were inapplicable *held*, without merit, where trial judge's finding that the members had agreed upon a dissolution was sustained by the record (2 Comp. Laws 1929, §§ 9878, 9882).

3. SAME—WINDING UP—PROFITS.

Under the uniform partnership act, the members of a limited partnership are entitled to their full share of profits until the winding up of the partnership business by final decree (2 Comp. Laws 1929, § 9841, as amended by Act No. 272, Pub. Acts 1941; §§ 9869, 9870, 9878, 9882, 9883).

4. SAME—DISSOLUTION—GOOD WILL—CONTINUANCE OF BUSINESS— PAYMENT OF PARTNERS.

Where success of the firm was largely due to plaintiff general partner's efforts he, in equity and good conscience, should be entitled to the good will of the firm as well as to continue the business, upon dissolution, provided amounts found due defendant limited partners are paid at once (2 Comp. Laws 1929, § 9841, as amended by Act No. 272, Pub. Acts 1941; §§ 9869, 9870, 9878, 9882, 9883).

5. SAME—TERMINATION—DISSOLUTION—WINDING UP.

A partnership is not terminated by dissolution but continues until the winding up of partnership affairs is completed (2 Comp. Laws 1929, § 9841, as amended by Act No. 272, Pub. Acts 1941; §§ 9869, 9870, 9878, 9882, 9883).

6. SAME—PROFITS.

So long as partnership assets are used to make profits, such profits must be accounted for.

7. SAME—WINDING UP—PROFITS—RETURN OF CAPITAL.

Upon final decree winding up partnership, the members are entitled to their share of the profits as well as the return of their capital up to such date (2 Comp. Laws 1929, § 9841, as amended by Act No. 272, Pub. Acts 1941; §§ 9869, 9870, 9878, 9882, 9883).

8. SAME—REAL ESTATE—VALUE.

Real estate purchased with partnership funds on a contract signed by the copartners was a partnership asset to which each of the three partners was entitled to one-third of the appreciated value as found by the trial judge as of·the time of the dissolution.

9. SAME—DISSOLUTION—REAL ESTATE—TENDER.

Where plaintiff· general partner had not made a tender of any kind to pay the two limited partners, incident to dissolution, their share of the net worth of the firm, including their equity in firm's real estate at its appreciated value, if he is unwilling to pay them such share, it is to be sold at once and the profit divided in accordance with the partnership agreement.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted April 9, 1948. (Docket No. 49, Calendar No. 44,029.) Decided June 14, 1948. Rehearing denied June 29, 1948.

Bill by John Vanderplow against Maurice Fredricks and another to restrain defendant from applying for a receiver, and for accounting of partnership transactions. Decree fixing liability of plaintiff to defendants. Defendants appeal. Reversed and remanded for final determination ·of amounts due.

*William J. Balgooyen,* for plaintiff.

*Raymond J. Engle, Warner, Norcross & Judd* (*George S. Norcross* and *Harold S. Sawyer, Jr.,* of counsel), for defendants.

BUTZEL, J. On August 16, 1943, John Vanderplow, plaintiff herein, as general partner, and Maurice Fredricks and Harry Meier, defendants, as limited partners, formed a limited partnership under the provisions of Act No. 110, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 9908–1 *et seq.,* Stat. Ann. § 20.51

*et seq.*), for the purpose of engaging in the wholesale beer, wine and beverage business, under the firm name of Smitty's Beverage Company. The partnership certificate provided the partnership was to exist "as long as the members thereof shall mutually agree;" that the general partner was to have the management and control of the business, and the limited partners were not to take any part in such control except in an advisory capacity. It was agreed that the general partner should receive a salary of $75 per week for services in managing the business; and that the net profits after deduction of this compensation and the other expenses was to be divided equally among the three partners. Each partner contributed $3,000 to the capital of the partnership. It was agreed that upon consent of all the partners, any portion of the profits realized could be retained in the business and such amounts were to be credited to the partners upon the books of the firm as additional contributions to the capital.

The business was extremely profitable and the larger part of the earnings was not withdrawn. The articles of partnership provided as follows:

"Article 8. The contribution of the limited partners shall be returned to them upon dissolution by mutual agreement, or upon dissolution by operation of law, only to the extent and subject to priorities as provided by section 23 of the limited partnership act. * * *

"Article 14. No provision has been made to give limited partners any right to demand or receive any other than cash in return for their respective contributions."

Dissatisfaction arose and at a meeting on May 3, 1946, it was agreed that as the partners could no longer agree, the partnership should be dissolved as of May 31, 1946. The books of the firm were brought up to that date and a financial statement reflecting

its condition was prepared by certified public accountants. It showed the equity of each of the defendants to be $16,850.51. On June 20, 1946, plaintiff served a written notice of dissolution dated May 31, 1946, upon the defendants and offered to pay off their interests in the partnership on the basis of the figures contained in the statement. Defendants refused to accept the sums offered by plaintiff. They claimed they were entitled to an additional amount and particularly a large sum because of a very large appreciation in the value of real estate bought and used by the firm. The partnership occupied a building in Muskegon Heights, Michigan, which they purchased on land contract on November 2, 1944, for $14,000. Evidently the property was worth far more, for the judge, who heard testimony as to the present value of the property, found it to be $33,500, on July 21, 1947. Payments on the land contract had been made from the partnership assets and there was still approximately $5,500 due on December 31, 1946. The land contract was signed by all three of the partners. The property was bought and used for the business and became a firm asset.

After May 31, 1946, plaintiff continued to operate the business as sole proprietor and used the partnership assets of the firm. He filed a certificate of dissolution signed by himself alone and also another certificate stating he was doing business under the assumed name formerly used by the partnership. He also, in his tax statement, stated he was the sole proprietor. He excluded defendants from the premises and denied them access to the books and records.

On July 11, 1946, plaintiff filed a bill of complaint for an accounting and a determination of the respective rights of the plaintiff and defendants so as to wind up the copartnership. An *ex parte* injunction was issued on his petition restraining defendants from seeking the appointment of a receiver. Plain-

tiff gave auditors employed by defendants full co-operation and a detailed audit of the books of the firm was made. It showed that the net worth of the partnership as of May 31, 1946, excluding a small item which defendants do not insist upon, was $52,-875.34, each limited partners' equity amounting to $17,625.11. This did not include any share in the good will or the increment in the value of the real estate of the firm. The auditors also showed that during the period from May 31, 1946, to December 31, 1946, profits of approximately $23,000 were earned while the firm's assets were being employed by plaintiff.

After a full hearing the court rendered an opinion that plaintiff should be released from any claims by defendant upon payment to each of them of the sum of $17,625.11, plus their share of the profits accruing from May 31, 1946, to July 11, 1946, the date when suit was started, with 5 per cent. per annum upon such profits up to the date of the decree. He denied any right of defendants to share in the increment in value of the real estate. The judge in his opinion stressed the fact that article 14 of the partnership agreement, hereinbefore quoted, stated that no provision had been made to give limited partners any right to demand or receive any other than cash in return for their respective contributions, and he concluded, therefore, that they were not entitled to any share of the increment from the real estate.

Defendants, as appellants, claim that they are entitled to all profits earned up to the final windup and termination of the limited partnership.

The uniform partnership act provides as follows:

"SEC. 6.  *  *  *  (2)  *  *  *  This act shall apply to limited partnerships except in so far as the statutes relating to such partnerships are inconsistent herewith." (2 Comp. Laws 1929, § 9846, as

amended by Act No. 272, Pub. Acts 1941 [Comp. Laws Supp. 1945, § 9846, Stat. Ann. 1947 Cum. Supp. § 20.6].)

"Sec. 29. The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." (2 Comp. Laws 1929, § 9869 [Stat. Ann. § 20.29].)

"Sec. 30. On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." (2 Comp. Laws 1929, § 9870 [Stat. Ann. § 20.30].)

"Sec. 38. (1) When dissolution is caused in any way, except in contravention of the partnership agreement, each partner, as against his copartners, * * * unless otherwise agreed, may have the partnership property applied to discharge its liabilities, and the surplus applied to pay in cash the net amount owing to the respective partners." (2 Comp. Laws 1929, § 9878 [Stat. Ann. § 20.38].)

"Sec. 42. When any partner retires * * * and the business is continued * * * without any settlement of accounts as between him * * * and the person * * * continuing the business, unless otherwise agreed, he * * * as against such persons or partnership may have the value of his interest at the date of dissolution ascertained and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option, * * * in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership." (2 Comp. Laws 1929, § 9882 [Stat. Ann. § 20.42].)

"Sec. 43. The right, to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary." (2 Comp. Laws 1929, § 9883 [Stat. Ann. § 20.43].)

The limited partnership act further provides:

"Sec. 10. (1) A limited partner shall have the same rights as a general partner to * * *

"(c) Have dissolution and winding up by decree of court." (Comp. Laws Supp. 1940, § 9908–10, Stat. Ann. § 20.60.)

Plaintiff contends that defendants wrongfully caused the dissolution of the firm in contravention of the partnership agreement and that the quoted portions of section 38(1) and section 42 do not apply for that reason. The trial judge made no such finding. He did find, however, that the partners had agreed upon a dissolution, and such finding is sustained by the record. Plaintiff's contention is without merit.

Under the quoted sections of the uniform partnership act, defendants are entitled to their full share of the profits until the winding up of the partnership business by final decree. We believe under all the circumstances of the case and the further fact that the success of the firm was largely due to plaintiff's efforts he, in equity and good conscience, should be entitled to the good will of the firm as well as to continue the business, provided the amounts found due defendants are paid at once.

A partnership is not terminated by dissolution but continues until the winding up of partnership affairs is completed. *Bell* v. *Porter,* 261 Mich. 97. So long as the partnership assets are used to make profits, so long must such profits be accounted for. *Major* v. *Todd,* 84 Mich. 85. To like effect, see 80 A. L. R. 12. We hold that defendants are entitled to their share of the profits as well as the return of their capital up to the date of final decree winding up the firm. This can be determined almost immediately after the decree is entered in this Court.

We further find that the real estate was a partnership asset purchased with partnership funds on a contract signed by the copartners. If plaintiff is not willing to pay defendants one third of the value of the equity in the real estate at its appreciated value as determined by the trial judge, the real estate should be sold at once and the profit divided in accordance with the partnership agreement. Plaintiff at no time offered to pay defendants in cash one-third of the net worth of the firm including their entire equity in the real estate at its appreciated value. In fact, he never made a tender of any kind, although he did make an offer of an amount slightly less than the judge found was due defendants. The purchase of the real estate was solely for the benefit of the firm. It was needed in the firm's business. It would be speculation on our part to ascertain what plaintiff's attitude would have been had the real estate depreciated in value. There can be no doubt, however, that the real estate belonged to the partnership and should have been properly inventoried at its real value, not at its cost, in determining what the net worth of the partnership was at the time of the dissolution.

The decree of the lower court is reversed and decree may be entered in accordance with this opinion and providing for the remanding of the case to the trial judge for final determination of the amounts due, and the enforcing of the decree should it become necessary. Defendants will recover costs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.