WANDERSKI *v.* NOWAKOWSKI.

1. PARTNERSHIP—LOAN—PURCHASE OF INTEREST—EVIDENCE.

Claim that $1,000 paid in 1943 by plaintiff was a loan to defendant rather than a purchase of an interest in a partnership, engaged in selling sausage, rejected by the trial court is found to be without merit, where during 5-year term of partnership agreement plaintiff had been paid in excess of $4,000 from profits, operations were extended to include sale of fresh meats, no difficulties appear to have arisen between the parties during such time and bill of complaint alleged formation of a partnership and the answer of defendants admitted such allegation.

2. SAME—EXPIRATION OF TERM—EXTENDED LEASE.

Plaintiff partner was not entitled to have his interest in partnership determined on the theory of the existence of an extended lease allegedly expiring 10 years after original term, where original term of lease had expired prior to the expiration of the term of the partnership, lease was not produced at the trial, was not renewed by the lessor, and premises had been occupied on a month-to-month basis after the original lease had expired.

3. SAME—DISSOLUTION—VALUE OF INTEREST—TIME.

Plaintiff partner was entitled to have the value of his interest in partnership fixed as of time parties had set for its dissolution by expiration of term in written agreement (CL 1948, §§ 449.29, 449.30, 449.42).

4. SAME—CONTINUANCE OF OPERATIONS AFTER DISSOLUTION— PROFITS—ACCOUNTING.

Accounting to plaintiff for his share of profits until date of decree in trial court in his suit against defendant partners was

---

REFERENCES FOR POINTS IN HEADNOTES

[3] 40 Am Jur, Partnership § 325.
[4, 7] 40 Am Jur, Partnership § 368 *et seq.*
[4, 7] Accountability of partner or joint adventurer for profits earned subsequently to death or dissolution. 80 ALR 12.

a duty of defendants who continued operations of the partner-
ship after its dissolution and used partnership assets in making
profits, where the plaintiff had not been paid his share upon
the dissolution (CL 1948, §§ 449.29, 449.30, 449.42).

5. SAME—ACCOUNTING—PROFITS.
   Plaintiff partner was not entitled to a further allowance for
   profits during 5-year term of its existence, where it appears
   he had raised no question as to amount of profits paid him
   theretofore and unsatisfactory records kept render unavail-
   able any more definite evidence as to amount which should
   have been paid than was paid.

6. SAME—DISSOLUTION—PROFITS—PURCHASE PRICE—VALUE OF IN-
   TEREST.
   The value of the interest of a plaintiff partner upon dissolution
   of the partnership is not enhanced by profits received in the
   past nor diminished by the amount paid defendant partners
   for the interest in the business when plaintiff became a partner.

7. SAME—DISSOLUTION—WINDING UP.
   Defendant partners who continued business after refusing to
   renew partnership agreement upon expiration of term provided
   therein are afforded 60 days within which to pay plaintiff
   the value of his interest as of the date of dissolution plus
   his share of the profits to date of decree in trial court because
   of continued use of partnership assets, but in event of failure
   to make such payment, plaintiff may have compulsory process
   for enforcement of his lien or appointment of a receiver to
   sell the business, first offering it as a going concern to the
   parties with equal rights of the parties to bid therefor, or
   if bid received is unsatisfactory to court, the premises are to
   be offered for sale and after payment of receivership expenses
   and the claims of creditors, the proceeds divided according to
   their respective rights.

Appeal from Wayne; Webster (Clyde I.), J.   Sub-
mitted June 8, 1951.  (Docket No. 61, Calendar No.
44,962.)  Decided September 5, 1951.

Bill by Frank Wanderski against Sigmund No-
wakowski and wife for dissolution of partnership
and accounting.  Plaintiff appeals from decree en-
tered.  Modified and affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Otto A. Hoffman* and *Walter M. Nelson,* for defendants.

Carr, J.  Plaintiff brought suit in circuit court for the purpose of obtaining the winding up of a partnership business and an accounting of rights and liabilities arising therefrom.  In August, 1941, defendant Nowakowski and Alfred T. Kubus opened a small store on Schaefer road in the city of Dearborn for the sale of sausage.  Both men were employed elsewhere and the business was carried on by the wife and the sister of Nowakowski, herein referred to as the defendant.  It is conceded that the business association was a partnership.  In the spring of 1943, both partners were inducted into the United States army.  Thereupon Kubus sought to dispose of his interest in the business and agreed with Nowakowski to accept the sum of $1,000 therefor.  The latter then entered into negotiations with plaintiff Wanderski, as a result of which plaintiff agreed to pay defendant the sum of $1,000 for a one-third interest in the business.  A written agreement was entered into, designated as a "partnership agreement," dated April 1, 1943, in which defendant was referred to as the owner of a going business described as the Kaszorek Sausage Shop.  It was further set forth that the value of such business was fixed at the sum of $3,000, and that it should be continued by the partnership for a term of 5 years.  Neither party was required to devote his time exclusively to the business, which was to be conducted by employees approved by the partners.  The profits were to be divided on the basis of two-thirds to Nowakowski and one-third to Wanderski.

At the time of the making of the agreement in question the business was being conducted on prem-

ises to which defendant held a 5-year lease containing an option for a renewal for an additional period of 10 years. The partnership agreement expressly recited that the interest acquired by plaintiff should include a one-third interest in this lease and in the renewal option. The said sum of $1,000 was paid by plaintiff to defendant. Kubus assigned to defendant, and thereafter claimed no further interest in the business.

During the 5-year term covered by the partnership agreement between plaintiff and defendant the former received payments from time to time, by way of profits in the business, aggregating a total somewhat in excess of $4,000. It does not appear that any difficulties between the partners arose during such period, nor that plaintiff expressed any dissatisfaction with reference to the carrying on of the business or the amount of the payments made to him. By mutual agreement operations were extended to include the sale of fresh meats. After the expiration of the term on the 1st of April, 1948, defendant refused to consent to a renewal of the partnership agreement, and, as he claims, offered plaintiff $1,000 for his interest and by way of settlement of the accounts between them. He sent plaintiff a check for $100 which the latter cashed. It was Wanderski's testimony on the trial of the case that he accepted the check in the belief that it was in payment of profits to which he was entitled.

The lease of the premises on which the business was conducted was not renewed. Defendant testified on the trial in circuit court that he sought to exercise the option but that the lessor refused to accede to the request and demanded an increased rental, under a month-to-month leasing, to which defendant finally consented. It was his claim in the trial court that he thought it would be better to make a new arrangement on the basis proposed by the lessor

rather than to become involved in litigation. Following the expiration of the period covered by the partnership agreement defendant carried on the business at the premises in question. Claiming that he was unable to obtain an accounting with reference to his interest in the assets of the partnership and in the profits of the business, plaintiff instituted the present suit. After the filing of the original pleadings defendant's wife, Lucille Nowakowski, who was apparently associated with him at that time in the conduct of the business, was, by stipulation, joined as a party defendant.

Following a hearing in circuit court the trial judge came to the conclusion that a partnership relation existed between plaintiff and defendant, that there was no agreement for settlement as claimed by the latter, and that the value of plaintiff's interest as of February 7, 1950, the date of the original decree in the cause, was $8,000. He further concluded that from such amount should be deducted the money, approximately $4,000, that plaintiff had received during the term of the partnership, and that there should be added to it the sum of $1,000 paid by plaintiff for his interest in the business. The final decree, entered March 23, 1950, required that defendant pay to plaintiff the sum of $5,000, and that he assume the obligations of the partnership. It was further provided that on the making of such payment defendant should become the sole owner of the business and its assets, free and clear of any rights and claims of the plaintiff, who was directed to execute a bill of sale of his right, title and interest, in and to "said copartnership and its assets." From the decree plaintiff has appealed and defendants have cross-appealed.

On behalf of defendants and cross-appellants it is urged that the so-called partnership agreement was executed for purposes of security only and that ac-

tually the money received by defendant Nowakowski from the plaintiff was a loan. As before indicated, this claim was advanced in the trial court and was rejected. The testimony of the parties clearly indicates that they considered that the written agreement into which they entered created a partnership relation. The fact that over $4,000 was paid to plaintiff by way of profits from the business is scarcely consistent with the theory that he was merely a creditor of defendant in the sum of $1,000. It may be noted also that the bill of complaint alleged the formation of a partnership and the answer of the defendants admitted such allegation. The claim that there was no partnership is without merit. The further holding of the trial judge that there was no agreement between the parties pursuant to which plaintiff bound himself to accept the sum of $1,000 for his interest in the partnership and its assets is fully supported by the proofs.

It is the claim of the plaintiff that he is entitled to receive a sufficient sum of money to cover his one-third interest in the partnership business, valued as a going concern, and his share of the profits from the time of the formation of the agreement to the entering of the decree of the court. It is insisted that the appraisal of the business should be based on the assumption that the partnership was entitled to a lease of the premises for the full period of 10 years from and after the expiration of the original 5-year term. It is conceded that the ownership of such a lease, or the right thereto, at the time of the dissolution of the partnership on April 1, 1948, very materially affected the value of the business. The record, however, is in a rather unsatisfactory state. The lease was not produced on the trial. Both defendant and the lessor, who was called as a witness, denied possession of a copy. In consequence the trial court was not advised, nor is this Court, as to

the exact terms of the option provision. Whether a purchaser would be willing to buy the business as a going concern in reliance on his ability to obtain such a lease is wholly a matter of speculation and conjecture. Determining a valuation that is reasonably satisfactory from the mathematical standpoint is complicated by the unusual situation indicated by the record. The fact is, however, according to the undisputed testimony, that defendant, who held the original lease, had been unable to procure a recognition of his alleged rights under the option. In effect, he had undertaken to waive those rights in consideration of the act of the lessor in making a new arrangement with him. The proofs in the case indicate that the lease expired prior to the termination of the partnership agreement on April 1, 1948. On the record before us we conclude that plaintiff is not justified in contending that the trial judge was bound to determine the value of plaintiff's interest in the partnership business on the theory of the existence of an extended lease expiring 10 years after the expiration of the original term.

Certain provisions of the uniform partnership act of the State* are material as bearing on the rights of the parties. Said provisions are as follows:

"Sec. 29. The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." (CL 1948, § 449.29 [Stat Ann § 20.29]).

"Sec. 30. On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." (CL 1948, § 449.30 [Stat Ann § 20.30]).

_____

* PA 1917, No 72, as amended (CL 1948, § 449.1 *et seq.* [Stat Ann and Stat Ann 1949 Cum Supp § 20.1 *et seq.*]).

"Sec. 42. When any partner retires or dies, and the business is continued under any of the conditions set forth in section 41 (1, 2, 3, 5, 6), or section 38 (2b), without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership." (CL 1948, § 449.42 [Stat Ann § 20.42]).

In the instant case the parties by their written agreement fixed the date of dissolution as of April 1, 1948. Plaintiff was entitled to have the value of his interest in the business fixed as of that time. Defendant continued operations, however, using the partnership assets in the making of further profits. Such being the case it was and is his duty to account to plaintiff for the latter's rightful share.

The principles applicable to a situation of this kind, under the provisions of the uniform partnership act, were considered by this Court in *Vanderplow* v. *Fredricks,* 321 Mich 483. Analogous questions were involved in *Froess* v. *Froess,* 284 Pa 369 (131 A 276). There the partnership, the affairs of which were in question, was dissolved by the death of one of the partners. Commenting on the resulting situation, it was said in part:

"The interest of the decedent is fixed by a valuation as of the time of the dissolution (*Hay's Appeal,* 91 Pa 265), and all members of the firm are entitled to a part of the surplus of assets over the amount necessary to pay the creditors of the firm: partnership act, sections 38, 40, also sections 18,

25; *Parker* v. *Broadbent,* 134 Pa 322 (19 A 631). 'The plain duty of the surviving partner is to collect the assets of the partnership, receive and receipt for payments, pay and settle partnership debts, settle and wind up the partnership business and distribute the net surplus among the parties entitled to it': *Herron* v. *Wampler,* 194 Pa 277, 286 (45 A 81). The amount found due has preference to any individual creditors of the survivor (note, 6 ALR 160), and is to be distributed in the manner designated by the partnership act (section 40).

"The determination of the right of the deceased partner where there has been no agreement to continue the business or dispose of the estate's interest for a fixed sum,—facts found by the court in the present case,—may be controlled by an election of the personal representative of the decedent to take a share of the assets and profits which have been gained by the use of the property prior to actual settlement: *Mamaux's Estate,* 274 Pa 533 (118 A 441); *Maloney's Estate,* 233 Pa 614 (82 A 958); *Eisenlohr's Estate (No. 1),* 258 Pa 431 (102 A 115). Or, in lieu of the latter, interest may be demanded on the value of the property, estimated as of the date of dissolution. 'The legal rule is fixed on this subject. If the survivors of a partnership carry on the concern, and enter into new transactions with the partnership funds, they do so at their peril, and the representatives of the deceased may elect to call on them for the capital, with a share of the profits, or with interest. If no profits are made, or even if a loss is incurred, they must be charged with interest on the funds they use, and the whole loss will be theirs': *Brown's Appeal,* 89 Pa 139, 147. 'The representatives of the dead partner have not only been allowed to elect between interest and the profits, but an inquiry has been directed to ascertain which would be most advantageous': *Beatty* v. *Wray,* 19 Pa 516, 519 (57 Am Dec 677).

"Following the recognized rule, the right to so choose was expressly provided in the uniform part-

nership act (section 42), and it is by reason of the wording of that legislation that the confusion has arisen, leading to the second appeal now presented by the plaintiff below, and by which complaint is made of the final decree entered. As previously noticed, the administratrix asked, in her bill filed, for an accounting of the partnership assets, and her written election evidenced her desire 'to take interest at legal rates on the value of the interest of the estate of Philip J. Froess, deceased, in the assets of the late copartnership.' The statute referred to provides, in part (section 42), that 'when any partner retires or dies, and the business is continued    *    *    *    without any settlement of accounts as between him or his estate and the person *or partnership* continuing the business, unless otherwise agreed, he or his legal representative as against such persons *or partnership* may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest.'

"It is contended that this limits the claim of the estate to a personal judgment against the survivor for the amount fixed, and releases the remaining surplus of assets of the firm from liability to satisfy in whole or in part the indebtedness found to be due. To so hold would be contrary to the rules fixed by the authorities controlling, prior to the passage of the act.   *   *   *   As we read the paragraph in question, the use of the term 'ordinary creditor,' means creditor of the partnership or of the survivor, who is also personally liable for partnership debts, and gives to the representatives of the decedent the right to share in the surplus of firm assets. Any other construction might render such judgment worthless, where the liquidating party had contracted other individual indebtedness, and thus the estate of the deceased partner be deprived of its share of property to which it was entitled."

In *Murray* v. *Bateman,* 315 Mass 113 (51 NE2d 954), the partnership between plaintiff and the defendants had no fixed duration and in consequence a member of the firm was privileged to retire at any time he desired. The question arose as to whether anticipatory profits might be taken into account in determining the value of the good will at the date of dissolution. It was held that under the proofs the matter rested entirely on "speculation, surmise and conjecture," and that the value of plaintiff's interest could not be enhanced on such basis. It was, however, held that plaintiff was entitled to an accounting for the profits made by the remaining partners, subsequently to the dissolution, through the employment of the firm's assets, the plaintiff not having been paid his share of such assets. See, also, 68 CJS, p 901.

In the case at bar plaintiff was entitled to have the value of his interest in the partnership business fixed as of April 1, 1948, and to be awarded his share of the profits arising from the continued use of partnership assets in the business, as conducted by defendants, from that time until the entry of decree in the circuit court on February 7, 1950. The trial court came to the conclusion that plaintiff was not entitled to a further allowance by way of profits over the 5-year period covered by the partnership agreement. We are in accord with such finding. As before noted, plaintiff raised no question as to the amounts paid to him from time to time. He made no complaint, so far as the record discloses, that he did not receive his proper share of the net proceeds of the business after the payment of expenses, including, of course, the Federal income taxes paid on the net profits from the business. It is true that the records kept were very unsatisfactory. Primarily this was doubtless defendants' fault, but no claim is made that plaintiff sought, as a partner

in the business, to have proper and adequate records detailing fully the transactions carried on and the net proceeds therefrom. It is doubtful, in view of the nature of the proofs offered in court, that evidence of a more definite character was, or is, available.

The trial judge, as appears from the record, gave careful consideration to all of the testimony of the parties, finally reaching the conclusion above indicated. We think that if the amount found by him as the value of plaintiff's interest is regarded as including, 1st, plaintiff's share of the profits earned in carrying on the business with partnership assets from April 1, 1948, to February 7, 1950, and, 2d, the value of his interest in the business as of the date of dissolution on April 1, 1948, such sum may be fairly considered within the range of the proofs. We cannot agree, however, that the amount fixed should be decreased to the extent of the profits previously received by plaintiff, nor increased by the amount that plaintiff paid defendant for his one-third interest in the business. The prior profits earned and received cannot be given the effect of diminishing the value of plaintiff's interest at the time of the expiration of the partnership agreement, and the initial sum paid by plaintiff was not by way of contribution to the partnership but rather was a payment to defendant for a one-third interest in an established business. It follows, therefore, that plaintiff is entitled to receive the sum of $8,000.

A decree will enter in this Court in conformity with the foregoing conclusions, affirming the decree of the trial court as hereby modified. Defendant will be given 60 days in which to make payment of said amount to the plaintiff, or, for his use and benefit, to the clerk of the circuit court of Wayne County. On the filing in this Court of due proof of such payment, defendant will become the sole owner of the

business free and clear of any claims on the part of the plaintiff, but charged with the duty of paying the claims of creditors of the partnership business, if there are such. In the event that defendant fails to make such payment within the time limited, plaintiff may at his option have compulsory process for the enforcement of the decree, or, in lieu thereof, he may apply to the trial court for the appointment of a receiver to take charge of the business and the assets thereof, and to sell the same under the direction of the court. In such event the business shall be first offered for sale as a going concern with equal rights on the part of the plaintiff and the defendant to bid therefor. If an offer satisfactory to the court is not received, then the assets of the partnership business shall be offered for sale and the proceeds therefrom, after the payment of receivership expenses and the claims of creditors duly presented and proved, shall be divided between the parties in accordance with their respective rights. Plaintiff may have costs of this appeal.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Bushnell, and Sharpe, JJ., concurred.