## STATE HIGHWAY COMMISSIONER v. SCHMIDT.

1. EMINENT DOMAIN—DETERMINATION OF VALUE—COMPARABLE SALES.
   Value of property condemned under the power of eminent domain may be determined by use of comparable sales through opinion formed from a consideration of the value of other similar property as displayed by its recent sales price.

2. SAME—CONDEMNATION PROCEEDINGS—EVIDENCE—SPECIFIC SALES.
   The evidence upon which a condemnation commission must act in determining the value of a parcel of land is the testimony of the witnesses, not the evidence of comparable sales.

3. SAME—EVIDENCE—VALUE OF LAND—KNOWLEDGE OF SALES OF SIMILAR PROPERTY—OPINIONS.
   Knowledge of specific sales of property of similar character may be employed by witness in forming opinion of value of other lands equally circumstanced as those being condemned, but other specific sales of similar land and prices paid therefor may not be introduced as substantive evidence of value of a particular parcel.

REFERENCES FOR POINTS IN HEADNOTES
[1] 18 Am Jur, Eminent Domain § 351.
[2, 3, 5, 6] 18 Am Jur, Eminent Domain §§ 343, 351, 355, 356.
[4] 18 Am Jur, Eminent Domain § 355.
[7] 18 Am Jur, Eminent Domain §§ 365, 367, 373.
[8] 5 Am Jur 2d, Appeal and Error § 1009.

4. EVIDENCE—VALUE OF LAND—QUALIFICATIONS OF WITNESSES.

   One does not have to be an expert to testify as to the value of land, as any ordinary individual who has the testamentary qualification of knowledge of the question about which he attempts to testify may testify as to the value of land.

5. EMINENT DOMAIN—VALUE OF LAND—EVIDENCE.

   Testimony as to sales and offers of sales of land in the vicinity of that sought to be condemned was properly admitted for the purpose of showing that the witnesses had some knowledge of the value of lands in the vicinity upon which to form an opinion of the value of the lands in question.

6. SAME—EVIDENCE—COMPARABLE LAND SALES—CONDEMNATION PROCEEDINGS.

   Testimony as to comparable land sales used by appraisers in condemnation proceedings is not evidence; rather it is a tool used by them to arrive at their estimate of a fair price and value for property.

7. SAME—CONDEMNATION FOR HIGHWAY—VALUE OF LAND—EVIDENCE.

   Award of commission appointed to determine value of land condemned for interstate highway purposes, which was within the range of testimony submitted to it should be confirmed, hence circuit judge's order setting award aside is reversed.

8. COSTS—PUBLIC QUESTION—INTERSTATE HIGHWAY CONDEMNATION PROCEEDINGS—AWARD—EVIDENCE.

   No costs are allowed on appeal in proceedings to condemn land for interstate highway purposes where circuit court's order setting aside the award is reversed and award confirmed, where within testimony submitted, a public question being involved.

Appeal from Eaton; McDonald (Archie D.), J. Submitted Division 3 January 4, 1966, at Lansing. (Docket No. 476.) Decided June 14, 1966. Rehearing denied July 22, 1966.

Condemnation proceedings by John C. Mackie, State Highway Commissioner, to condemn lands owned by Lange Schmidt and Margaret Schmidt for use in the interstate highway system. Defendants' motion to confirm award denied and certain testimony struck and cause remanded to condemnation

commission.   Defendants appeal.   Reversed and award confirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Robert J. Taube,* Assistant Attorneys General, for the plaintiff.

*Glassen, Parr, Rhead & McLean* (*Roland F. Rhead,* of counsel), for defendants.

BURNS, J.   The appellants' land was condemned by the appellee for highway purposes and is a portion of highway I–96 at the Saginaw road interchange, located approximately an equal distance between the cities of Lansing and Grand Ledge.

The determination of necessity was made on November 14, 1960, by the State highway commissioner. Hearing commissioners were appointed by the circuit court on May 8, 1961, and first met on November 8, 1962.   On July 8, 1963, the court struck certain testimony of the appellants' appraisers, and ordered additional testimony taken by the commission.   On September 10, 1963, the commission awarded the appellants $94,650.

The trial judge again struck the testimony of both of the appellants' appraisers, and set aside the award, with the following statement:

"Both are men of good reputation and wide experience but this does not establish a record which, in the court's opinion, must be based upon actual comparable sales."

The appellants' land consisted of about 200 acres which they purchased in 1957, with a frontage on Saginaw road of 2,868 feet.   The State condemned property consisting of 40.8 acres which included

1,470 feet along Saginaw road zoned commercial to a depth of 500 feet. The balance of said land is zoned residential.

Prior to the condemnation proceedings, the appellants disposed of 8.3 acres of said 200 acres by erecting a bowling alley which is leased to another party, and by selling a portion of said land for a motel.

The appraisers for both the State and the property owners used the market data approach, predicating their opinion to a large extent on interpreting and evaluating comparable sales in the area with the condemned property.

The crux of the problem is what is a comparable sale, or an actual comparable sale, and who decides what is a comparable sale.

"One of the methods utilized to determine the value of condemned property is comparable sales: the value of other similar property, as displayed by its recent sales price, is considered indicative of the condemned property's value." *United States* v. *Certain Interests in Property in Monterey County, State of California* (ND Cal, 1960), 186 F Supp 167, 168.

See, also, 29A CJS, Eminent Domain, § 273(10), p 1208; 18 Am Jur, Eminent Domain, § 351, p 994.

Mr. Larson, an appraiser for the appellee, testified that he used several comparisons in the vicinity, and yet when his comparisons are reviewed they all covered land in the area that was zoned agricultural. He arbitrarily rejected one comparison advanced by the appellants of a sale from this same property, with the statement, "I just didn't feel that sell-off was an indication of a market value sale. I could find better property selling cheaper afterward."

The trial judge has interpreted the law incorrectly. The evidence upon which the commission must act is the testimony of the witnesses, not the com-

parable sales.  As stated in *Commission of Conservation* v. *Hane* (1929), 248 Mich 473, 477:

"We hold that knowledge of specific sales of property of similar character may be employed by a witness in forming an opinion of the value of other lands equally circumstanced, but other specific sales of similar land and prices paid therefor may not be introduced as substantive evidence of the value of a particular parcel."

Also, see *In re Brewster St. Housing Site* (1939), 291 Mich 313, on pp 345, 346, where the Court states:

"Any ordinary individual who has the testamentary qualification of knowledge of the question about which he attempts to testify may testify as to the value of land.  A lay witness will be permitted to testify as to the value of land if he has seen the land and has some knowledge of the value of other lands in the immediate vicinity. *Stone* v. *Covell* [1874], 29 Mich 359; *City of Detroit* v. *Hartwick* [1919], 204 Mich 635.  Testimony as to sales and offers of sales of land in the vicinity of that sought to be condemned was properly admitted for the purpose of showing that the witnesses had some knowledge of the value of lands in the vicinity upon which to form an opinion of the value of the lands in question.  Ordinarily, jurors in condemnation proceedings are drawn from the vicinity.  They are freeholders.  They know something of the value of the lands sought to be condemned.   The   proceeding   is   inquisitorial   in character, and ordinarily such a jury pays little or no attention to the wranglings of counsel.   *   *   * They determine and fix the value of the land after a consideration and discussion of the various things that are brought to their attention which they deem worthy of consideration, and make up and sign the judgment roll therefrom."

The comparable land sales used by the appraisers are not evidence; they are tools used by them to ar-

rive at their estimate of a fair price and value for condemned property. The comparisons used by the appellants' appraisers were in the general vicinity of the land in dispute, as were the comparisons used by the appellee's appraisers. All land is unique. These were capable of, or suitable for, comparison with the land involved, although not identical. Such comparisons do not exist in fact or in reality, but need interpretation by the party using said comparisons.

The award of the commission was within the range of testimony submitted to the commission and should be confirmed. *In re Condemnation of Lands in the City of Battle Creek for Park Purposes* (1954), 341 Mich 412.

The judgment of the circuit court is reversed and the award of the commission is hereby confirmed. No costs as a public question is involved.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.