EQUITABLE BUILDING COMPANY v CITY OF ROYAL OAK

1. WITNESSES—EXPERT WITNESSES—LAY WITNESSES—SPECIAL KNOWL-
EDGE—REAL PROPERTY—FRATERNITY OF APPRAISERS.

A lay witness may testify regarding land value if he has seen the
land and has some knowledge of the value of other lands in the
immediate vicinity; he need not qualify as an expert belonging
to any recognized association of the fraternity of appraisers.

2. ZONING—CONSTITUTIONALITY OF ORDINANCES—CONFISCATORY ORDI-
NANCES—BURDEN OF PROOF—DEPRECIATION OF VALUE.

To sustain an attack on a zoning ordinance an aggrieved property
owner must show that if the ordinance is enforced the conse-
quent restrictions on his property preclude its use for any
purposes to which it is reasonably adapted; property need not
be zoned for its most lucrative use, but depreciation of land
value is one factor to be considered in determining whether a
zoning classification is confiscatory.

3. ZONING—CONSTITUTIONAL LAW—CONFISCATORY ORDINANCES—REA-
SONABLE USES—SINGLE-FAMILY RESIDENCES—COSTS—LIMITED
MARKET.

The severity of the economic hardship imposed by a single-family
residential zoning classification deprived a plaintiff of any
reasonable use of his property and was therefore confiscatory
and unconstitutional where the plaintiff could not develop his
vacant land under the classification without losing a great deal
of money, and if he did so develop the land he might have

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Expert and Opinion Evidence §§ 140–142.
Admissibility of hearsay evidence as to comparable sales of other
land as basis for expert's opinion as to land value. 12 ALR3d
1064.
Competency of witness to give expert or opinion testimony as to
value of real property. 159 ALR 7.
[2, 3] 58 Am Jur, Zoning § 140.
Zoning: creation by statute or ordinance of restricted residence
districts from which business buildings or multiple residences are
excluded. 86 ALR 671, s. 117 ALR 1117.

difficulty disposing of it because of the limited market for single-family homes in the area.

Appeal from Oakland, Robert L. Templin, J. Submitted November 6, 1975, at Detroit. (Docket No. 21494.) Decided February 9, 1976.

Complaint by Equitable Building Company against the City of Royal Oak for an injunction to restrain the enforcement of a zoning ordinance. Judgment for plaintiff. Defendant appeals. Affirmed.

*Aikens, Hudson, Munde, Pierce & Bowerman, P. C.,* for plaintiff.

*Daniel Sawicki,* for the City of Royal Oak.

Before: D. E. HOLBROOK, P. J., and J. H. GILLIS and M. J. KELLY, JJ.

J. H. GILLIS, J. In 1972, plaintiff initiated this action in Oakland County Circuit Court to have defendant's zoning ordinance declared unconstitutional as applied to plaintiff's property. The trial court rendered judgment for plaintiff, and defendant now appeals.

Plaintiff's property, purchased in 1964 for approximately $40,000, consists of approximately 2.3 acres of undeveloped land located in the northern section of Royal Oak. The property has been zoned single-family residential since 1957, and it is surrounded primarily by single-family dwellings. In early 1969 and again on later occasions, plaintiff asked the City of Royal Oak to rezone its land for two-family residential use. Although the city planner recommended granting plaintiff's request, the planning commission and city council denied it.

Plaintiff then filed this action, alleging that

defendant's zoning ordinance was unconstitutional as applied to its property because it was confiscatory, arbitrary, and failed to reasonably further the public health, safety, and general welfare. At trial, plaintiff introduced testimony showing that at the time of purchase, the land could reasonably be used for single-family homes. In recent years, however, conditions have drastically changed. There is no longer a market in Royal Oak for homes of the size of those in the area surrounding plaintiff's property. In addition, skyrocketing inflation and rising interest rates have made it impossible to profitably construct single-family dwellings on plaintiff's land. Plaintiff introduced evidence showing that because the land needs sewers, pavement, water lines, fire hydrants and land balancing, the cost of constructing single-family, 1200-square-foot dwellings (the average size of the dwellings in the vicinity of plaintiff's land) on it would be over $41,000 for each house. Yet, such homes could not be sold for more than $28,000.

A witness for defendant initially testified that he could sell a 1200-square-foot house on plaintiff's property for $45,000. He later admitted, however, that he had recently sold a 1600-square-foot house in Royal Oak for only $32,900. He also admitted that a prospective purchaser would not pay $45,-000 for a 1200-square-foot house if he could pay that amount or less for an 1800-square-foot home in the same area.

The city planning director, who also testified for defendant, explained he believed plaintiff's property should be rezoned two-family residential because such a zoning classification would have no adverse effect upon the public health, safety, and general welfare.

In his opinion, the trial judge indicated he dis-

credited the testimony of the witness for defendant who said he could sell homes built on plaintiff's land for $45,000 but credited the testimony of plaintiff's witnesses. He explained his findings as follows:

"[T]he court finds, first of all, that there have been changing conditions nationally and statewide which have affected this particular area and the sale of homes which make restrictions prohibiting anything but single-family housing unreasonable and confiscatory as applies to the plaintiff's particular piece of property. The court finds that the plaintiff has more than borne their burden and proven their case *[sic]* by a preponderance of the evidence, that such zoning as it applies to plaintiff's property is unreasonable and arbitrary, and that there is no good reason why such zoning is necessary for upholding the requirements as to the public health, safety, and general welfare. Consequently, it is the court's opinion and judgment that the present zoning restriction is unreasonable and is an invalid restriction as it applies to plaintiff's property."

On appeal, defendant first claims that plaintiff's witnesses were not qualified to testify as experts and, consequently, the admission over objection of their testimony regarding the value of plaintiff's property constituted reversible error. We find no merit to this allegation. Michigan has long adhered to the rule that a lay witness may testify regarding land value "if he has seen the land and has some knowledge of the value of other lands in the immediate vicinity * * * ". *In re Brewster St. Housing Site,* 291 Mich 313, 345; 289 NW 493, 505 (1939). Recently, this Court explained:

"A witness, to testify as to value, need not qualify as an expert belonging to any recognized association of the fraternity of appraisers; any person who has the testamentary qualification of knowledge of the question

about which he attempts to testify may testify as to the value of land. *State Highway Commissioner v Schmidt,* 3 Mich App 415; 142 NW2d 907 (1966)." *NeBoShone Association, Inc v State Tax Commission,* 58 Mich App 324, 338; 227 NW2d 358, 365 (1975).

In the case at bar, each witness testifying for plaintiff explained he was familiar with plaintiff's land and had knowledge of either construction costs of 1200-square-foot homes built in the Detroit Metropolitan area or the sale price of homes of that size located in the vicinity of plaintiff's property. Consequently, we find that plaintiff's witnesses were all qualified to express opinions regarding the value of plaintiff's property.

Defendant next contends that defendant's zoning ordinance is not confiscatory and, therefore, does not constitute a taking without just compensation in violation of plaintiff's fifth amendment due process rights. *Kropf v City of Sterling Heights,* 391 Mich 139, 162–163; 215 NW2d 179, 189 (1974), explains the standard for determining whether a zoning ordinance is confiscatory as follows:

"Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted."

Although property need not be zoned for its most lucrative use, *Scholnick v Bloomfield Hills,* 350 Mich 187; 86 NW2d 324 (1957), depreciation of land value is one factor to be considered in determining whether a zoning classification is confiscatory. *Smith v Village of Wood Creek Farms,* 371 Mich 127; 123 NW2d 210 (1963), *Tocco v Atlas Township,* 55 Mich App 160; 222 NW2d 264 (1974).

This Court has invalidated zoning ordinances as confiscatory where the property owner's claim of depreciated value was coupled with a claim that the land was in some other way not suited for the zoned use. *Pederson v Township of Harrison,* 21 Mich App 535; 175 NW2d 817 (1970), *Michaels v Village of Franklin,* 58 Mich App 665; 230 NW3d 273 (1975), *Land Development Corp v Township of Bloomfield,* 55 Mich App 438; 222 NW2d 768 (1974). Although plaintiff in the case at bar did not couple his claim of depreciated land value with one that the land is also, in some other way, unsuitable for single-family residential use, we believe that the severity of the economic hardship under the present zoning classification deprives plaintiff of any reasonable use of his property. We realize that plaintiff's land is topographically suitable for single-family residential development. Nonetheless, this is not a case involving mere disparity in land values. Plaintiff did not seek rezoning simply because development of his land under the proposed zoning classification would be more profitable. This is, instead, a case where plaintiff cannot develop his vacant land under the present zoning classification without losing a great deal of money. Additionally, even if plaintiff were to build single-family homes on his land, because there is now little market in Royal Oak for such homes, he might have difficulty disposing of the developed property. In these circumstances, we find defendant's zoning classification to be confiscatory and, therefore, unconstitutional as applied to plaintiff's land. Consequently, we affirm the trial court's decision.

Our decision on the confiscation issue renders unnecessary discussion of the remaining issue.

Affirmed. No costs, a public question being involved.