COATS v BUSSARD

Docket No. 78-2016. Submitted June 7, 1979, at Grand Rapids.—
    Decided January 3, 1980. Leave to appeal applied for.

   Plaintiffs, Eli S. Coats and Sarah S. Coats, purchased a property
     from Mr. and Mrs. Uhlmann. They submitted an offer for the
     property through a real estate agent. The Uhlmanns counterof-
     fered to sell all but a small portion of the land for the same
     price. Plaintiffs were never informed of the counteroffer exclud-
     ing the portion of land. At closing the exception in the deed
     was explained by the real estate agents to be a reservation of a
     right of access to watch the sun set over Lake Michigan, and
     plaintiffs believed they were buying the complete parcel. Plain-
     tiffs retained defendant, James W. Bussard, to represent them
     when they discovered that they did not own the excluded
     portion. Defendant commenced an action against the Uhlmanns
     for reformation of the deed on the basis of mutual mistake. No
     action was brought against the real estate agents despite
     plaintiff's requests to bring such an action. Plaintiffs substi-
     tuted attorneys and amended their complaint to allege a cause
     of action against the real estate agents. The court held that
     their claim against the agents was barred by the statute of
     limitations. Plaintiffs also failed to recover against the Uhl-
     manns because it was held that the Uhlmanns had not in-
     tended to sell the excluded portion. Plaintiffs sued defendant on
     the ground that defendant was negligent in failing to pursue
     discovery, in failing to proceed alternatively against the real-
     tors, in failing to move to strike the Uhlmanns' answer and in
     failing to inform plaintiffs of a counterclaim against them. The
     Ottawa Circuit Court, James E. Townsend, J., granted defen-
     dant a judgment notwithstanding the verdict based on its
     conclusion that defendant's actions were questions of attorney

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 113 et seq.
[2, 4] 7 Am Jur 2d, Attorneys §§ 167, 170, 189.
[3] 31 Am Jur 2d, Expert and Opinion Evidence § 16.
[5] 31 Am Jur 2d, Expert and Opinion Evidence §§ 133, 140.
[6] 7 Am Jur 2d, Attorneys § 190.
[7] 58 Am Jur 2d, New Trial §§ 3, 212 et seq.

judgment, the soundness of which was supported by the great weight of the expert testimony. The court also ordered a new trial in the event the judgment notwithstanding the verdict be reversed for the reasons that a) by signing the original complaint against the Uhlmanns plaintiffs consented to defendant's decision not to sue the realtors and b) the verdict was excessive. Plaintiffs appeal. *Held:*

1. The grant of a defendant's motion for a judgment notwithstanding the verdict is appropriate only if the evidence is insufficient as a matter of law to support a judgment for the plaintiff, giving the plaintiff the benefit of every reasonable inference that can be drawn from the evidence. If reasonable men could honestly disagree as to whether the plaintiff has satisfied his burden of proof on the necessary elements of his cause of action, a judgment notwithstanding the verdict is improper. Evidence of an error in judgment of a defendant attorney sued for malpractice is insufficient, as a matter of law, to support a judgment against him, but the fact that defendant obtained a competent expert to testify as to the reasonableness of his conduct does not render the conduct an error in judgment, as opposed to an act of negligence, as a matter of law. It is up to the jury to judge the weight which it will give to expert testimony. The grant of a judgment notwithstanding the verdict was error.

2. A new trial may only be granted if the reasons assigned by the trial judge for his action are legally recognized and are supported by any reasonable interpretation of the record. The plaintiffs cannot be deemed, as a matter of law, to have analyzed and assessed the attorney's professional conduct and acquiesced in any negligence simply by signing the pleading or by being aware of the conduct.

3. The prevailing plaintiffs in a legal malpractice action are entitled not only to the value of their lost claim, but also to the expenses and costs incurred by them as the result of defendant's alleged negligence, such as the cost of the preparation of an appeal in the original case, where appropriate. There was sufficient evidence on the record to support the jury's verdict.

· Judgment vacated and case remanded with instructions to reinstate the original jury verdict.

1. JUDGMENT — JUDGMENT NOTWITHSTANDING THE VERDICT — EVIDENCE — QUESTION OF FACT.

The grant of a defendant's motion for a judgment notwithstanding the verdict is appropriate only if the evidence is insufficient as a matter of law to support a judgment for the plaintiff,

giving the plaintiff the benefit of every reasonable inference that can be drawn from the evidence; if reasonable men could honestly disagree as to whether the plaintiff has satisfied his burden of proof on the necessary elements of his cause of action, a judgment notwithstanding the verdict is improper.

2. EVIDENCE — EXPERT TESTIMONY — CONFLICTING TESTIMONY — MALPRACTICE — MATTERS OF JUDGMENT.

Evidence of an error in judgment of a defendant attorney sued for malpractice is insufficient, as a matter of law, to support a judgment against him, but the fact that the defendant obtained a competent expert to testify as to the reasonableness of his conduct does not render the conduct an error in judgment, as opposed to an act of negligence, as a matter of law; the presence of conflicting expert testimony, in a malpractice case, as to whether a defendant attorney was negligent does not render the defendant's conduct a question of judgment as a matter of law.

3. EVIDENCE — EXPERT TESTIMONY — WEIGHT.

It is up to the jury to judge the weight which it will give to expert testimony.

4. ATTORNEY AND CLIENT — MALPRACTICE — ESTOPPEL.

A plaintiff in a legal malpractice action cannot be deemed, as a matter of law, to have analyzed and assessed the attorney's professional conduct and acquiesced in any negligence simply by signing a pleading or by being aware of the conduct; thus, a party is not estopped to assert negligence against an attorney who acted on his behalf in suing only some of all the possible defendants even where he knew of the attorney's action and signed the pleading.

5. WITNESSES — EXPERT WITNESSES — LAY WITNESS — SPECIAL KNOWLEDGE — REAL PROPERTY.

A lay witness may testify regarding land value if he has seen the land and has some knowledge of the value of other lands in the immediate vicinity.

6. ATTORNEY AND CLIENT — MALPRACTICE — DAMAGES — EXPENSES AND COSTS OF LITIGATION.

The prevailing plaintiffs in a legal malpractice action are entitled not only to the value of their lost claim but also to the expenses and costs incurred by them as the result of defendant's alleged negligence.

7. NEW TRIAL — DISCRETION — GROUNDS FOR NEW TRIAL — EVI-
    DENCE.

    A new trial may only be granted if the reasons assigned by the
trial judge for his action are legally recognized and are sup-
ported by any reasonable interpretation of the record.

*Willingham, Coté, Hanslovsky, Griffith & Fores-
man, P.C.* (by *John L. Coté* and *John A. Yeager),*
for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance E.
Mather),* for defendant.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK,
JR., and B. D. BURDICK,* JJ.

B. D. BURDICK, J. Plaintiffs brought an attorney
malpractice action against the defendant which
resulted in a jury award of $20,000 in their favor.
Plaintiffs appeal the trial court's order granting
defendant's motion for a judgment notwithstand-
ing the verdict and ordering a conditional new
trial in the event that the judgment notwithstand-
ing the verdict be vacated or reversed.

    Plaintiffs' claims against defendant arose out of
the defendant's handling, on their behalf, of a
cause of action involving the transactions that
occurred when plaintiffs purchased their home. As
part of these transactions, plaintiffs offered to
purchase the home from a Mr. and Mrs. Uhlmann.
The Uhlmanns made a counteroffer excluding a
small portion of the land. The plaintiffs were not
informed of the counteroffer, but nevertheless pur-
chased the property; the exception in the deed was
explained to plaintiffs, by the real estate agents, as
an insertion to allow the Uhlmanns to return to
Michigan occasionally to watch the sunset over

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Lake Michigan. Plaintiffs allegedly believed that they were buying the entire parcel of land. Defendant attorney was retained after plaintiffs learned that they did not own the excluded parcel of land.

Defendant commenced an action against the Uhlmanns for reformation of the deed on the basis of mutual mistake; no action was brought against the real estate agents involved, despite plaintiffs' alleged requests to bring such an action. A subsequent attempt, by an attorney substituted for the defendant, to amend the complaint by adding a claim against the real estate agents, was originally barred by the statute of limitations. Plaintiffs did not recover against the Uhlmanns on the theory of mutual mistake because it was held that the Uhlmanns had not intended to sell the excluded parcel.

Plaintiffs brought the instant action against the defendant on the ground that defendant was negligent in failing to pursue discovery, in failing to proceed in the alternative against the realtors, in failing to move to strike the defendant's answer and in failing to inform the plaintiffs of a $70,000 counterclaim against them.

The trial court's granting of defendant's motion for a judgment notwithstanding the verdict was grounded, in large part, on its analysis that defendant's actions in these matters were questions of attorney judgment, the soundness of which was supported by the great weight of the expert testimony. This Court disagrees.

The standard of review for a judgment notwithstanding the verdict was recently summarized by this Court in *Sabraw v Michigan Millers Mutual Ins Co*, 87 Mich App 568, 571; 274 NW2d 838 (1978):

"A judgment notwithstanding the verdict on defen-

dant's motion is appropriate only if the evidence is insufficient as a matter of law to support a judgment for the plaintiff. *Jackson v Fox,* 69 Mich App 283; 244 NW2d 448 (1976). In making that determination, the court must give the plaintiff the benefit of every reasonable inference that could be drawn from the evidence. *Kroll v Katz,* 374 Mich 364; 132 NW2d 27 (1965). If reasonable men could honestly disagree as to whether the plaintiff has satisfied his burden of proof on the necessary elements of his cause of action, a judgment notwithstanding the verdict is improper. *Kroll v Katz, supra; Jackson v Fox, supra.*"

The trial court was correct in its determination that evidence of an error in defendant's judgment would have been insufficient, as a matter of law, to support a judgment for the plaintiff in this case. See *Babbitt v Bumpus,* 73 Mich 331, 337-338; 41 NW 417 (1889), 7 Am Jur 2d, Attorneys at Law, § 170, p 148. However, the fact that defendant obtained a competent expert to testify as to the reasonableness of defendant's conduct does not render defendant's conduct an error in judgment, as opposed to an act of negligence, as a matter of law.[1] Plaintiffs also had expert testimony in support of their claims which, for purposes of this review, must be considered in the light most favorable to the plaintiffs. Thus, there was evidence supporting plaintiffs' claims in this case. The presence of conflicting expert testimony, in a malpractice case, as to whether a defendant attorney was negligent does not render the defendant's conduct a question of judgment as a matter of law. It is for the jury, after having been informed of the expert's qualifications, to determine the credence to be given each expert's testimony. *Sampson v Veen-*

---

[1] See *Heins v Synkonis,* 58 Mich App 119; 227 NW2d 247 (1975), in which a directed verdict was properly denied in spite of the fact that expert testimony was given on behalf of the defendant.

*boer,* 252 Mich 660, 667; 234 NW 170 (1931). *Agee v Williams,* 17 Mich App 417, 423; 169 NW2d 676 (1969). It is the opinion of this Court, therefore, that the presence of conflicting expert testimony on this matter created a question for the jury and that the judgment notwithstanding the verdict was improperly granted.

This Court does not accept the defendant's argument that he is absolved of liability because of this Court's subsequent decision, regarding the statute of limitations, which allowed plaintiffs to file suit against the real estate agents. The decision of *Coats v Uhlmann,* 87 Mich App 385; 274 NW2d 792 (1978), was released after the trial and the order in this case and, therefore, is not proper grounds for defendant's assertion that the verdict was against the great weight of the evidence. The defendant stipulated at trial that his failure to bring suit against the realtors resulted in any claims against them being lost. Defendant may not enhance his appellate argument concerning the evidence at trial with subsequent factual developments which were unknown at the time of trial.

In addition to the judgment notwithstanding the verdict, the trial court ordered a new trial in the event that the judgment notwithstanding the verdict be reversed. The trial court's order was based on two rationales. The first rationale was that the verdict was contrary to law because the plaintiffs, by signing the pleadings, consented to the attorney's decision not to sue the realtors and were thereby estopped from claiming that such conduct constituted malpractice. This Court rejects the contention that a plaintiff is estopped from asserting a claim of legal malpractice, as a matter of law, solely because the plaintiff signed the pleadings in the matter or was otherwise aware of the

course of action taken by the attorney. In *Bessman v Weiss,* 11 Mich App 528; 161 NW2d 599 (1968), *lv den,* 382 Mich 760 (1969), *cert den,* 396 US 1008 (1970), relied on by the trial court, the plaintiffs were estopped from suing on the course of conduct pursued by their attorneys when their claim was based, in large part, on the falsity of certain factual averments contained in an answer drafted by the defendant's attorney on their behalf. In *Bessman,* the plaintiffs listened to the pleading as it was dictated, and read and approved it afterward. Unlike *Bessman,* this is not a case in which the plaintiffs acquiesced the assertion of factually untrue statements on their behalf. While a plaintiff in a malpractice action may be deemed to have acquiesced in the attorney's conduct when that plaintiff has knowledge of factually false assertions being made on its behalf, a plaintiff cannot be deemed, as a matter of law, to have analyzed and assessed the attorney's professional conduct and acquiesced in any negligence simply by signing the pleading or by being aware of the conduct. Thus, the decision of the trial court, granting the defendant a conditional new trial on the ground that the jury verdict was contrary to law, was erroneous.

The trial court also based its order granting a conditional new trial on the ground that the jury verdict of $20,000 was grossly excessive and shocked the conscience of the court, because the plaintiff presented no evidence that the fair market value of the land in question exceeded $700.

While the defendant's appraiser did testify that the value of the land was $700, a review of the transcript indicates that the plaintiff, Mr. Coats, testified that the market value of the land in question was $8,000. The plaintiff was competent

to testify in this regard because he had seen the land and had knowledge of the value of other lands in the immediate vicinity. *Equitable Building Co v City of Royal Oak,* 67 Mich App 223, 226-227; 240 NW2d 489 (1976). Thus, there was competent evidence adduced by the plaintiff that the value of the original claim was $8,000. Additionally, the jury verdict in this case could properly have been based on the evidence of plaintiff's legal expenses in pursuing the appeal on the original action. The prevailing plaintiffs in an attorney malpractice action are entitled not only to the value of their lost claim, but also to the expenses and costs incurred by them as the result of defendant's alleged negligence, such as the cost of the preparation of an appeal in the original case, where appropriate. See 45 ALR2d 62, §§ 2, 4, pp 63-67, 68-69; see also, *Cornelissen v Ort,* 132 Mich 294; 93 NW 617 (1903). The plaintiffs in this case incurred substantial legal expenses in pursuing an appeal on the original action, in an attempt to obtain a ruling that would apply a longer statute of limitations than the one used by the trial court, thereby allowing the action which was allegedly lost due to the defendant attorney's failure to bring the action. Plaintiffs introduced evidence that the legal expenses so incurred amounted to approximately $16,000. This amount could properly have been awarded by the jury as expenses incurred as a direct result of the defendant's alleged malpractice.

It is not inconsistent to consider both the amount of the original claim, and the costs incurred in appealing that claim, as bases for the jury award, because at the time of trial there was no indication that the plaintiffs would be able to revive their underlying claim against the realtors.

The cost incurred by the appeal, which was plaintiffs' only avenue by which to pursue the original action, was a direct result of defendant's alleged negligence in failing to join the real estate agents in the original action prior to the tolling of the shorter statute of limitations.

Thus, there was evidence to support the jury's verdict in favor of the plaintiffs in the amount of $20,000. While the granting of a new trial is within the discretion of the trial court, the trial court may not substitute its judgment for that of the finders of fact, and a grant of a new trial should be based upon demonstrable errors in the trial. A new trial should only be granted if the reasons assigned by the trial judge are logically recognized and supported by a reasonable interpretation of the record. *Vanden Bosch v Consumers Power Co,* 56 Mich App 543, 551-553; 224 NW2d 900 (1974), *rev'd on other grounds,* 394 Mich 428; 230 NW2d 271 (1975). In the instant case the jury verdict was supported by the evidence and was not grossly excessive. It is the opinion of this Court, therefore, that the trial court's order granting a conditional new trial on this ground was erroneous.

In accordance with the foregoing analysis, we vacate the trial court's order granting a judgment notwithstanding the verdict and a conditional new trial. We direct that the original jury verdict be reinstated.

Remanded for proceedings consistent with this opinion.