IN THE MATTER OF ACQUISITION OF LAND FOR THE
CENTRAL INDUSTRIAL PARK PROJECT, PARCEL 755

Docket No. 71640. Submitted January 16, 1985, at Detroit.—Decided
March 19, 1985.

The City of Detroit brought a condemnation action against prop-
erty owned by Chap Automotive Distributors, Inc. In a trial in
Wayne Circuit Court, George T. Martin, J., the jury determined
that just compensation for the property was $100,000. The
circuit court denied the city's motion for a new trial or judg-
ment notwithstanding the verdict, and the city appealed. The
city alleged that the trial court erred in allowing the owner of
the property to testify that the actual price he paid for the
property was other than that stated in the land contract and
that in his opinion the property was worth $100,000 and to give
his opinion regarding the replacement value of the property.
*Held:*

1. The actual price paid for the property was relevant to the
property's current value and was properly presented to the
jury. The owner was not attempting to recover for good will or
going-concern value of the business.

2. The owner was properly allowed to testify as to his opinion
of the value of the property.

3. The owner's testimony regarding replacement value was
improper but, because there was no showing that he was
claiming recovery for the replacement costs of the business,
admission of the testimony does not require reversal.

Affirmed.

1. EMINENT DOMAIN — JUST COMPENSATION.

Just compensation for property which has been condemned is the
amount of money which will put the person whose property has
been taken in as good a position as the person would have been
in had the taking not occurred.

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur 2d, Eminent Domain § 170.
[2] 27 Am Jur 2d, Eminent Domain § 419 *et seq.*
Right in eminent domain proceeding to call as witness expert
engaged but not called as witness by opposing party. 71 ALR3d
1119.

2. EMINENT DOMAIN — WITNESSES — VALUE OF PROPERTY.

> A lay witness may testify in a condemnation action as to the value of the property if he is familiar with the property and if he has some knowledge of the value of other property in the immediate area.

*Kenneth N. Hylton & Associates, P.C.* (by *Kenneth N. Hylton),* for petitioner.

*Cahalan & Ackerman* (by *Alan T. Ackerman),* for respondent.

Before: T. M. BURNS, P.J., and V. J. BRENNAN and W. A. PORTER,* JJ.

PER CURIAM. The City of Detroit condemned respondent's land, on which respondent operated an automobile parts business, so that a new industrial complex could be built. The amount of just compensation the city owed respondent was determined by a jury to be $100,000. The City of Detroit appeals as of right from an order entered by the lower court denying its motion for a new trial or a judgment notwithstanding the verdict.

On appeal, the city argues that the lower court erred in allowing the owner of the property to testify that the actual price he paid for the land was not stated in the land contract and also to give an opinion as to the current value of the land. The major issue at trial was the amount of just compensation the city owed respondent. Const 1963, art 10, § 2. See also *In the Matter of Acquisition of Land for the Central Industrial Park Project,* 127 Mich App 255; 338 NW2d 204 (1983). As stated in that case, "[j]ust compensation is defined as the amount of money which will put the person whose property has been taken in as good a position as the person would have been in had the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

taking not occurred. *In re Widening of Bagley Avenue,* 248 Mich 1, 5; 226 NW 688 (1929). See, also, SJI 90.05". 127 Mich App 261.

The city's contention that the initial purchase price of the property was inadmissible is without merit. The owner testified over the city's objection that the sale price was not as stated in the land contract, $15,000, but was actually $60,000. The city claims that respondent is attempting to recover the good will or going-concern value of its business. The owner, however, was not testifying as to what he thought the business was worth. He testified as to what he paid for the whole property interest. He also was not attempting to recover for good will or going-concern value of the business. The actual price the owner paid for the property, therefore, was properly presented to the jury since it had some relevancy to the property's current value.

The owner also properly testified that the value of the property in his opinion was $100,000. A lay witness will be permitted to testify as to the value of the property if he is familiar with it and if he has some knowlege of the value of other property in the immediate area. *In re Brewster St Housing Site,* 291 Mich 313, 345; 289 NW 493 (1939); *Equitable Building Co v City of Royal Oak,* 67 Mich App 223; 240 NW2d 489 (1976). See also MRE 701. The city's attempt to characterize the owner's testimony as evidence of going-concern value is not supported by the record. No evidence was presented by respondent regarding the value of Chap Automotive Distributors, Inc., as a business. Rather, the testimony of value was based on the owner's opinion of what the building was worth.

The city's final contention is that the owner's testimony regarding the replacement value of the property was improper. While we agree that this

testimony was improper, there was no showing in the record that the owner was claiming a recovery for the replacement costs of his business. Therefore, admission of this testimony is not reversible error. *City of Fenton v Lutz,* 73 Mich App 117, 124; 250 NW2d 579 (1977). Furthermore, all objections regarding the presentation of this testimony were sustained. The jury verdict, therefore, was within the range of testimony produced at trial, and the testimony as to the replacement value did not prejudice the city. The trial court correctly denied the city's motion for a judgment notwithstanding the verdict or a new trial.

Affirmed.