*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HARK ORCHIDS LP,

      Plaintiff-Appellant,

v

WILLIAM BUIE and CONKLIN BENHAM, PC,

      Defendants-Appellees.

UNPUBLISHED
May 4, 2023

No. 361175
Kalamazoo Circuit Court
LC No. 2020-000263-NM

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(8). On appeal, plaintiff contends that the trial court erred by holding that plaintiff failed to state a claim upon which relief can be granted under (C)(8) when plaintiff pleaded that defendants' negligent conduct caused plaintiff to expend attorney fees in prior litigation. We affirm.

## I. BACKGROUND

This case arose out of defendants' legal representation of plaintiff in a workers' compensation action brought by a former employee. During negotiations, the employee informed defendants that she believed she had additional meritorious claims against plaintiff and would settle those claims in a global settlement for $125,000. Defendants never informed plaintiff of the additional claims or global settlement offer and settled the workers' compensation claim for $35,000. The employee filed a subsequent action against plaintiff. Plaintiff hired Warner, Norcross, and Judd (WN&J) to defend against the action. WN&J discovered the employee's offer for a global settlement. Ultimately, plaintiff expended over $312,000 in attorney fees and costs to defend against that suit.

Plaintiff brought this action against defendants to recover the attorney fees it expended defending itself against the employee's second litigation. Plaintiff asserted that defendants acted negligently when they failed to inform plaintiff of the employee's threat of additional litigation and offer to settle. The trial court granted defendants' motion for summary disposition under MCR 2.116(C)(8) because plaintiff pleaded that defendants acted negligently when the prior litigation

-1-

exception to the American rule required a pleading of malice, fraud, or other similar wrongful conduct to recover damages.

Plaintiff now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny summary disposition under MCR 2.116(C)(8). *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Id*. at 119-120 (quotation marks and citations omitted).]

"A mere statement of a pleader's conclusions and statements of law, unsupported by allegations of fact, will not suffice to state a cause of action." *Varela v Spanski*, 329 Mich App 58, 72; 941 NW2d 60 (2019).

## III. LAW AND ANALYSIS

Plaintiff argues that it only needed to plead negligence to state a claim for attorney fees under the prior litigation exception to the American rule. We disagree.

Michigan follows the "American rule" with respect to the payment of attorney fees and costs. *Dessart v Burak*, 470 Mich 37, 42; 678 NW2d 615 (2004). The American rule states that "attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Id*. (quotation marks and citation omitted). Generally, a party may not recover attorney fees as costs or damages absent a recognized exception to the American rule. *Burnside v State Farm Fire & Cas Co*, 208 Mich App 422, 426-427; 528 NW2d 749 (1995).

Exceptions to the general rule are construed narrowly. *Brooks v Rose*, 191 Mich App 565, 575; 478 NW2d 731 (1991). The exception to the American rule relevant to this case is the prior litigation exception. Under this exception, recovery of attorney fees is permitted when "a defendant's wrongful conduct has forced a party to incur legal expenses in prior litigation with a third party." *Id*.

This Court addressed this standard as far back as 1976. This Court recognized the prior litigation exception to the American rule and held that the exception "is intended to be applied where the party at fault is guilty of malicious, fraudulent or similar wrongful conduct, not of simple

negligence." *G & D Co v Durand Milling Co, Inc*, 67 Mich App 253, 257, 260; 240 NW2d 765 (1976).[1]

Plaintiff argues that *G & D* does not apply to this case because it involved a products liability action instead of legal malpractice. This argument ignores the scope of the prior litigation exception to the American rule. The Court in *G & D* explained that the prior litigation exception "allows recovery of reasonable attorneys fees incurred in prior litigation with a third party[.]" *Id.* at 257.

Regardless of plaintiff's treatment of *G & D*, precedential authority in this jurisdiction continues to follow the standard articulated in *G & D*. In *Brooks*, 191 Mich App at 569, two real estate partners had sought a judicial declaration that a third person was no longer a partner. The third person countersued and won a judgment based on the two partners' breach of fiduciary duty and improper termination of the partnership. *Id.* at 570. One of the issues on appeal was whether the third partner was entitled to recover attorney fees from the two real estate partners in related litigation to protect her opportunity to purchase real estate subject to the partnership. *Id.* at 574.

This Court recognized that recovery of attorney fees

> has been allowed in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct. Recovery has also been permitted where a defendant's wrongful conduct has forced a party to incur legal expenses in prior litigation with a third party. [*Id.* at 575 (citations omitted).]

This Court has since affirmed the malice, fraud or wrongful conduct standard in several cases. See *Mieras v DeBona*, 204 Mich App 703, 709; 516 NW2d 154 (1994) (explaining that the "wrongdoer must be guilty of malicious, fraudulent or similar wrongful conduct, rather than negligence."); *In re Thomas Estate*, 211 Mich App 594, 602; 536 NW2d 579 (1995) (citing *G & D* to explain that the prior litigation exception was not applicable when the defendant's conduct was not wrongful as interpreted by this Court).

Despite controlling authority to the contrary, plaintiff cites the holding in *Coats v Bussard*, 94 Mich App 558; 288 NW2d 651 (1980), for the contention that negligence is the appropriate standard for recovery of attorney fees for prior litigation. In that case, the plaintiffs brought an action against their attorney for negligent conduct in prior litigation and won a jury verdict. *Id.* at 562. The trial court had granted the defendant's motion for a judgment notwithstanding the verdict, in large part, on its analysis that defendant's actions were questions of attorney judgment. *Id.* This Court disagreed and remanded to reinstate the jury verdict, reasoning that "whether a defendant attorney was negligent does not render the defendant's conduct a question of judgment

---

[1] Court of Appeals cases decided before November 1, 1990, are not binding. MCR 7.215(J)(1). Although this Court is not "*strictly required* to follow uncontradicted opinions from this Court decided prior to November 1, 1990," those opinions are "nevertheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018), lv den 504 Mich 873 (2019).

as a matter of law." *Id*. at 563. The Michigan Supreme Court reversed the Court of Appeals judgment and remanded the case for retrial as ordered by the trial court. *Coats*, 409 Mich 858.

Plaintiff also cites *Warren v McLouth Steel Corp*, 111 Mich App 496, 508; 314 NW2d 666 (1981), for the contention that a party seeking attorney fees as damages who has been forced to expend money to mitigate malpractice are recoverable. That case involved a third-party defendant's appeal from a jury verdict finding it liable for indemnification to a third-party plaintiff. *Id*. at 499. This Court held that the prior litigation exception was "broad enough to encompass the factual situation where a passive tortfeasor has been forced to defend against the claims of a plaintiff because of the injuries caused by the active tortfeasor." *Id*. at 508.

Plaintiff argues that *Coats* and *Warren* are authoritative. However, both of these cases were published before 1990, and authority to the contrary was published after 1990. See MCR 7.215(J)(1). Therefore, neither are binding on this Court. Instead, this Court is bound by its holding that the party seeking attorney fees under the prior litigation exception must plead that the wrongdoer's conduct was malicious, fraudulent, or similarly wrongful. *In re Thomas Estate*, 211 Mich App at 602; *Brooks*, 191 Mich App at 575.

Finally, plaintiff argues that this Court should treat actions for attorney fees involving legal malpractice differently than recovery of attorney fees in other proceedings. Essentially, plaintiff has asked this Court to carve out a mitigation and legal malpractice exception to the prior litigation exception. However, neither of these concepts conflict with the prior litigation exception. Attorney fees are available in legal practice actions if the party can plead malice, fraud, or similar wrongful conduct. See *Mieras*, 204 Mich App at 709. This same logic applies to plaintiff's argument that the duty to mitigate conflicts with this rule. Mitigation damages in the form of attorney fees are available if sufficiently plead.

Plaintiff was required to plead that defendants engaged in malicious, fraudulent, or similarly wrongful conduct to survive a motion for summary disposition under MCR 2.116(C)(8). *In re Thomas Estate*, 211 Mich App at 602; *Brooks*, 191 Mich App at 575. Plaintiff pleaded only that defendants were negligent. Therefore, the trial court did not err in granting defendants' motion for summary disposition under MCR 2.116(C)(8).[2]

Affirmed.

/s/ James Robert Redford
/s/ Christopher P. Yates

---

[2] Plaintiff also raised the issue of whether the trial court should have denied defendants' summary disposition on MCR 2.116(C)(10) grounds. Because this Court affirmed the trial court's holding under MCR 2.116(C)(8), plaintiff's arguments regarding MCR 2.116(C)(10) are foreclosed.