### LYNN *v.* AREHART.

1. PARTNERSHIP—ACCOUNTING—AGREEMENT CONSTRUED.

   In a suit for a partnership accounting, where the agreement provided that defendant's interest "shall be one-fourth, subject to a $900 indebtedness" to plaintiff, it is *held* to negative defendant's claim that he was to pay only one-fourth of $900 therefor.[1]

2. SAME—PARTNER CHARGEABLE WITH MARKET VALUE OF PARTNERSHIP ASSETS WRONGFULLY TAKEN.

   A partner who disposed of partnership assets is chargeable with the market value thereof although he realized much less, where he acted in bad faith and in the absence of his partner.[2]

Appeal from Genesee; Black (Edward D.), J. Submitted January 6, 1925. (Docket No. 26.) Decided May 14, 1925.

Bill by George W. Lynn against David D. Arehart and another for the dissolution of a partnership, an accounting, and to enjoin the payment to defendant Arehart of certain money. From a decree for plaintiff, defendant Arehart appeals. Affirmed.

*Roy E. Brownell,* for plaintiff.

*Neithercut & Neithercut,* for appellant.

McDONALD, C. J. This bill was filed to secure an accounting of a partnership business in which the plaintiff and defendant Arehart were engaged under the firm name of the McIntyre Building Tile Company. The parties first began business together in 1919, at Otter Lake, Michigan. Their business was the manu-

---

[1]Partnership, 30 Cyc. p. 445; [2]Id., 30 Cyc. p. 446.

facturing of cement blocks and building material. On July 1, 1920, their plant was destroyed by fire. They bought new machinery and equipment and moved to Saginaw. They found no market there for their product and were compelled to suspend business. On June 16, 1921, they entered into a written agreement by the terms of which the partnership was dissolved and Lynn purchased Arehart's interest. In April, 1922, they again became associated as partners in the same business at Mt. Morris in Genesee county, Michigan. This partnership agreement was not reduced to writing until November 10, 1922. The plaintiff was to devote his time to the manufacturing part of the business and the defendant was to sell the product. The plaintiff furnished the building and machinery and claims that Arehart was to pay him $900 for a quarter interest in the business. The expenses and profits were to be divided according to their respective interests. The business was not prosperous. On November 25, 1922, the buildings and equipment were destroyed by fire. The loss was settled with the Continental Fire Insurance Company through its agent; Edward C. Vanderwalker, for $5,262. Three-fourths of this money was paid to Lynn, which he used in paying the partnership debts, which at that time amounted to $2,582.75. The balance of the money was claimed by Arehart, but Vanderwalker was enjoined from paying it to him pending this litigation. It is the plaintiff's claim that Arehart never paid the $900 which he agreed to pay for his interest in the business, but that he paid $72 for labor which was credited on the $900. He further claims that on the Sunday following the fire, during his absence at Charlotte, Arehart employed a number of trucks and hauled 12,000 building tile from the plant to the yards of the Flint Coal Company at Flint, Michigan, that he

231—Mich.—10.

subsequently sold this tile but did not account for the proceeds.

Most of these facts are conceded, but the defendant denies that he agreed to pay to the plaintiff $900 for a quarter interest in the business. He says that the plaintiff borrowed $1,000 and put $900 of it into the partnership account, and that the agreement was that it should be repaid to him out of the profits of the business. He denies that he removed 12,000 building tile from the premises after the fire, but admits having taken away 8,795 tile which he sold and accounted for. He also claims that the partnership is indebted to him for $1,390 for expenses in making sales of the product in Flint, that he borrowed that amount from his brother and gave the partnership note in payment. On the hearing the circuit judge found against every contention of the defendant and determined the amount of his indebtedness to the plaintiff to be $1,799.31. From the decree entered the defendant Arehart has appealed.

It is first urged by the defendant that the court erred in charging him with $900 for a quarter interest in the business. The only dispute over this item of $900 was as to the manner of its payment. If it should be paid out of the profits as the defendant claims, he would be chargeable with one quarter of it or $225. If it was a personal obligation to the plaintiff, the full amount should be charged to the defendant. The partnership agreement shows that it was to be paid by the defendant. It reads as follows:

"David D. Arehart's interest shall be one-fourth, subject to a $900 indebtedness to George W. Lynn."

This language negatives the defendant's claim that he was only to pay one-fourth of the $900. He took his interest in the business subject to the payment to Lynn of $900. The court properly charged him with

the full amount less $72 which he had paid for labor.

The next item in dispute relates to the building tile which the defendant took from the premises on the Sunday following the fire. The court found that there were 12,000 tile taken and that the market price at the plant was $75 a thousand, that the total value was $900, and that the defendant should be charged with three-fourths of that amount. The defendant says that he did not realize that amount from the sale of the tile, that he sold them to various parties at different prices and that he paid $200 for hauling them away, which should be charged to the partnership. We are not favorably impressed with the conduct of the defendant in removing this tile without the knowledge or consent of Mr. Lynn. He says that when he employed the Commercial Truck Company to remove the tile, he knew that Mr. Lynn was away in Charlotte, and that he told them to haul it on Sunday because they could not be stopped by injunction on that day. At that time Mr. Lynn had approximately $7,500 invested in the business. The defendant had invested $72 and had not paid the $900 which he had promised to pay for his interest. In view of these facts, it is clear that in removing the tile he was endeavoring to take an unfair advantage of his partner. He acted in bad faith and if any loss grew out of the transaction he alone should be required to bear it. We think that as to this item in the accounting the court allowed the defendant all that he was entitled to under the facts.

On the hearing the defendant presented a claim of $1,399.26, which he insisted was a proper charge against the partnership for his expenses. The court rightfully disallowed it and it is not here insisted on by defendant's counsel in their brief. In arriving at an accounting between these parties, we think that

the conclusions of the circuit judge are in harmony with the facts, that his decree is reasonable and should be affirmed.

It is affirmed, with costs to the plaintiff.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.