### PENNER v. DeNIKE.

1. PARTNERSHIP—GIST OF RELATION.
   The gist of the partnership relation is mutual agency and joint liability.

2. SAME—FIDUCIARIES.
   Because of the mutual agency existing between copartners, they stand in a fiduciary relation to each other.

3. SAME—GOOD FAITH REQUIRED IN RELATIONS WITH EACH OTHER.
   A partnership is presumed to be based upon mutual trust and confidence and the utmost good faith is requisite in the relations between the partners.

4. SAME—ACCOUNTING.

Copartners are accountable between themselves as fiduciaries and under all the circumstances it is the duty of each to render true and full information to the other (2 Comp. Laws 1929, §§ 9860, 9861).

5. SAME—FRAUD—MEASURE OF DAMAGES—INTEREST.

In action of assumpsit by plaintiff whose interest in partnership was purchased by defendant partner and sold to another party at an increased amount without making full disclosure to plaintiff, measure of damages is the amount of injury suffered from the fraud, the difference between what plaintiff and what defendant received with interest at 5 per cent. from commencement of action (3 Comp. Laws 1929, § 14007).

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 6, 1939. (Docket No. 52, Calendar No. 40,147.) Decided April 4, 1939.

Assumpsit by John A. Penner against A. James DeNike, individually and doing business as DeNike Sanitarium, for amount received from sale of half interest in partnership. Judgment for defendant. Plaintiff appeals. Reversed and judgment ordered entered for plaintiff.

*Fred J. Potvin,* for plaintiff.

*Koscinski, Kaminski, Poleski & Wojcinski,* for defendant.

POTTER, J.   October 9, 1935, plaintiff and defendant were copartners in the operation of the DeNike Sanitarium in Detroit. Either on February 15th or March 4, 1936, appellee and one Dr. Piorkowski agreed between themselves to become copartners in the DeNike Sanitarium. Dr. Piorkowski was to pay $2,500 for a one-half interest therein. This agreement was made upon the expectation and belief upon the part of the appellee that he could acquire the

one-half interest in the sanitarium business owned by appellant. On March 6, 1936, Dr. Piorkowski paid to appellee $2,500 for a one-half interest in the business and was given a receipt therefor, and immediately afterward and on March 6, 1936, without disclosing to appellant that this one-half interest in the sanitarium had been sold for $2,500 to Dr. Piorkowski, defendant acquired the one-half interest in the DeNike Sanitarium and business owned by appellant for $900; and on the same date, March 6, 1936, appellee and Dr. Piorkowski became copartners in the DeNike Sanitarium and continued the business. In October, 1936, appellant learned for the first time of these transfers, and February 26, 1937, instituted this suit seeking a judgment for $1,600 against appellee. The case was tried before the court without a jury and at the conclusion of the testimony the trial court filed a written opinion and entered judgment for defendant. Appellant appeals. There is no cross appeal by appellee.

Plaintiff and defendant were originally copartners. The gist of the partnership relation is mutual agency and joint liability. It is said that because of this mutual agency existing between copartners, they stand in a fiduciary relation to each other. *Cassels v. Stewart,* 6 App. Cas. (Eng.) 64 (29 W. R. 636). A partnership is presumed to be based upon mutual trust and confidence and the utmost good faith is requisite in the relations between the partners. 22 Halsbury's Laws of England, p. 47. This is the rule in this country. 2 Pomeroy's Equity Jurisprudence (3d Ed.), § 963. Copartners are accountable between themselves as fiduciaries, 2 Comp. Laws 1929, § 9861 (Stat. Ann. § 20.21), and under all circumstances, it is the duty of each of the copartners to render true and full information to the other, 2 Comp. Laws 1929, § 9860 (Stat. Ann. § 20.20).

It is plaintiff's claim, and about this there is no dispute, that he had no knowledge of the negotiations pending between the defendant and appellee and Dr. Piorkowski and no knowledge that such negotiations had been concluded at the time he sold his interest in the partnership to the defendant and appellee, and that defendant and appellee purposely concealed these facts from plaintiff. Under these circumstances, plaintiff claims he is entitled to recover the value of the one-half interest which he sold and which Dr. Piorkowski acquired in the copartnership property.

The duty and liability of copartners is discussed in *Johnson* v. *Ironside,* 249 Mich. 35, and the cases cited therein.

In *Fannon* v. *LeBeau,* 238 Mich. 376, the parties were copartners. Defendant acquired the interest of plaintiff in a venture and sold it at a greatly increased price. It was said:

"It is the plaintiff's claim that he had no knowledge that such negotiations were pending or had been concluded, and that the defendant purposely concealed the fact from him; that, in view of the relations between them in the enterprise, the defendant owed him the duty of fully and honestly disclosing all matters within his knowledge which would affect the value of the interest that the plaintiff was selling; that, under the circumstances, the concealment of such facts amounted to a fraud upon the rights of the plaintiff, and entitled him to a decree setting aside the agreement and restoring to him his interest in the contract, or one-half of the profits which the defendant received from the sale."

Substantially the same situation exists here, except that plaintiff herein elected not to rescind but to sue in assumpsit under 3 Comp. Laws 1929, § 14007 (Stat. Ann. § 27.651). The measure of plaintiff's

damages is the amount of injury suffered from the fraud and, under the circumstances of this case, amounts to the difference between what plaintiff received and what appellee received.

Judgment reversed, with costs, and cause remanded to the trial court for the entry of judgment for plaintiff for the amount of $1,600 and interest at 5 per cent. from the date suit was commenced.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred.